UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| CODY RUNYAN and GALEN WOELK, individually and doing business as Runyan & Woelk,<br><br>            Judgment Creditors,<br><br>    vs.<br><br>JOHN N. BACH,<br><br>            Judgment Debtor. | No. CIV-05-0053-E-BLW<br><br>**ORDER GRANTING MOTION TO REMAND,** *INTER ALIA* |

**BEFORE THE COURT** is the Motion To Remand (Ct. Rec. 7) filed by the judgment creditors (Runyan and Woelk). The motion is heard without oral argument pursuant to Local Rule 7.1(d)(2). This motion was assigned to the undersigned by Honorable B. Lynn Winmill. Accordingly, the Motions For Recusal of Judge Winmill (Ct. Rec. 14 and 15), filed by judgment debtor John N. Bach (Bach), are **DISMISSED** as moot.

## I. BACKGROUND

In the U.S. District Court for the District of Idaho (CV-01-266-E-TGN), Runyan and Woelk obtained a judgment for attorney's fees against Bach. Runyan and Woelk then registered the federal judgment as a foreign judgment in Idaho state court, specifically Teton County District Court. Idaho Code §10-1301. It was registered as a foreign judgment on January 6, 2005, and assigned case number CV-05-010. Notice of that filing was given to Bach by mail the previous day (January 5), following the form of notice permitted by Idaho Code §10-1303(b).

**ORDER GRANTING MOTION TO REMAND,** *INTER ALIA* - 1

Registering the federal judgment as a foreign judgment in state court had the effect of transforming the federal judgment into a judgment of an Idaho district court. Idaho Code §10-1302 ("The clerk shall treat the foreign judgment in the same manner as a judgment of the district court of this state").

As required by Idaho Code §10-1303(c), the judgment creditors waited five days from the filing of the foreign judgment before obtaining a writ of execution from the Teton County Clerk of Court. The writ of execution, dated January 14, 2005, directed the Teton County Sheriff to obtain satisfaction of the judgment by selling at public auction all of the claims Bach had asserted against Runyan and Woelk in a separate Teton County action (CV-02-208). The writ of execution was served on Bach on January 18, 2005, along with a "Notice of Sheriff's Sale" stating the claims against Runyan and Woelk in CV-02-208 would be sold at public auction on February 7, 2005.

Two days after receiving the writ of execution and the "Notice of Sheriff's Sale," Bach filed a "SPECIAL APPEARANCE BY [PURPORTED JUDGMENT DEBTOR JOHN N. BACH, via VERIFIED APPLICATION/MOTION TO STRIKE, QUASH AND/OR for order to STAY ALL EXECUTION (WRIT OF EXECUTION, NOTICE OF LEVY & ATTACHMENT, NOTICE OF SHERIFF'S SALE." The parties ultimately stipulated to have Seventh Judicial District Judge James C. Herndon determine whether the sheriff's sale should be stayed. Following a hearing on February 7, Judge Herndon found Bach's claim of exemption was without merit and allowed the sheriff's sale to proceed as scheduled. The sale was held and Runyan and Woelk were the only bidders. They purchased the claims against them in the Teton County action, CV-02-208, for a credit bid in the amount of $100 against the judgment they had obtained in federal court (in CV-01-266-E-TGN). Immediately after purchasing the claims, Runyan and Woelk filed a motion to substitute for Bach as plaintiffs in CV-02-208. The motion was granted and Runyan and Woelk then stipulated with themselves, as both plaintiffs and defendants in CV-02-208, to dismiss the claims asserted against them in that action.

On February 17, 2005, Bach removed the Teton County execution proceedings (CV-05-10) to the U.S. District Court for the District of Idaho.

**ORDER GRANTING MOTION TO REMAND, *INTER ALIA*-**       **2**

## II. DISCUSSION

Assuming, without deciding, that this court has federal question or diversity subject matter jurisdiction over the state court execution proceedings, said proceedings are still not removable for two independent reasons: 1) Bach has waived his right to removal; and 2) removal is not timely, in any event.

Waiver will be found where actions are taken in state court which manifest an intent to have the matter adjudicated there and to abandon the right to a federal forum. "[T]he right to remove is waived by acts which indicate an intent to proceed in state court, and . . . Defendants may not 'experiment' in state court and remove upon receiving an adverse decision." *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447-48 (9th Cir. 1992). See also *Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH*, 579 F.Supp. 1476, 1480 (C.D. Ill. 1984)(waiver found where after order of attachment was entered, the defendant entered a special appearance, moved to vacate the order of attachment, and only after having lost on the motion, removed the matter to federal court). This is precisely what occurred in the instant case. Bach argued and lost in state court and has now removed the execution proceeding to federal court in what is effectively an appeal of Judge Herndon's decision, confirmed by the fact that after he filed his "Verified Notice of Removal" in this court (Ct. Rec. 1), Bach followed up with a "Motion For Reconsideration" (Ct. Rec. 3). As judgment creditors point out, the proper course of action was for Bach to take an appeal to the Idaho Supreme Court.

Furthermore, the 30 day period for removal of the proceedings to federal court (28 U.S.C. §1446(b)) commenced from the date Bach received a copy of the "Notice of Filing Foreign Judgment." In *Kiddie Rides USA*, the court found that an "affidavit of attachment" filed by the plaintiff, prior to the filing of its complaint, constituted the "initial pleading" for purposes of §1446(b) and therefore, the 30 day period ran from the date the affidavit was filed. The affidavit of attachment provided the defendant with a clear statement that the case involved diverse parties and that the requisite amount in controversy was involved. 579 F.Supp. at 1479. "The fundamental principle of the statute [28 U.S.C. §1446(b)] is that the time limitation on seeking removal begins to run when the defendant receives notice of the action, not when the action is

ORDER GRANTING MOTION
TO REMAND, *INTER ALIA*-   3

commenced." *Id.* at 1478, quoting Wright, Miller, and Cooper, *Federal Practice and Procedure: Civil*, §3732.

The "Notice Of Filing Of Foreign Judgment" provided Bach with notice that an execution proceeding had been commenced against him as a judgment debtor. It notified him that the federal judgment which had been obtained against him had been filed as a foreign judgment in Idaho state court. It appears that Bach premises his right to removal on the judgment originating from federal court.[1] Accordingly, if the execution proceeding was in fact removable, Bach knew it was removable as of the date he received the "Notice Of Filing Foreign Judgment." This notice was the "initial pleading" for purposes of §1446(b). It was filed on January 6, 2005, and a copy was mailed to Bach on January 5. Even assuming several days passed before Bach received the notice by mail, it is clear the 30 days expired by the time he filed his notice of removal in this court on February 17, 2005. Indeed, Bach does not dispute that he received the "Notice of Filing Foreign Judgment" prior to January 17, 2005. Instead, he argues the 30 days commenced on January 18, 2005, the date on which he claims to have received the writ of execution and the "Notice of Sheriff's Sale."

## III. CONCLUSION

The judgment debtor's Motions For Recusal (Ct. Rec. 14 and 15) are **DISMISSED** as moot. The judgment creditors' Motion To Remand (Ct. Rec. 7) is **GRANTED** and the captioned matter is **REMANDED** to Teton County District Court for all further proceedings. Consequently, the judgment debtor's Motion For Preliminary Injunction (Ct. Rec. 16), which is

---

[1] This fact, however, would not have created continuing federal jurisdiction. When a judgment is registered in another court, it becomes a new judgment of the court in which it is registered and is enforced pursuant to the laws of the state in which it is registered. *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357 (6th Cir. 2002). Here, when the federal judgment was registered in Idaho state court, it became a judgment of that court subject to the laws of Idaho. Bach's reliance on *Schneider v. National Railroad Passenger, Corp.*, 72 F.3d 17 (2nd Cir. 1995), is misplaced since that case involved enforcement of a federal judgment which had not been filed as a foreign judgment in state court.

ORDER GRANTING MOTION
TO REMAND, *INTER ALIA*-           4

based on his opposition to remand, is **DENIED**.[2]

Pursuant to 28 U.S.C. §1447(c), Runyan and Woelk are awarded their reasonable attorney's fees and costs incurred as a result of Bach's improper removal. Within fifteen (15) days of the date of this order, counsel for Runyan and Woelk shall serve and file an affidavit itemizing fees and costs incurred as a result of the removal.

**IT IS SO ORDERED.** The District Executive is directed to enter this order and forward copies to the judgment debtor (Bach) and to counsel for the judgment creditors. A certified copy of this order shall be mailed to the Teton County Clerk.

DATED this 5th of October, 2005.

ALAN A. McDONALD
Senior United States District Judge

---

[2] "Defensive preemption" arguments can be asserted in state court. They do not create federal question jurisdiction. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). Bach can assert his "defensive preemption" arguments in Teton County District Court, as well as his arguments for a stay of execution because of the pending Ninth Circuit appeal in CV-01-266-E-TGN, assuming there is anything left that can properly be adjudicated in Teton County District Court in light of Bach's failure to appeal Judge Herndon's decision to the Idaho Supreme Court. *Doe v. Mann*, 415 F.3d 1038 (9th Cir. 2005), cited by Bach, is inapposite. It did not involve removal to federal court. Furthermore, the circuit concluded the *Rooker-Feldman* doctrine did not apply because Congress, in enacting the Indian Child Welfare Act, had specifically provided federal courts with authority to invalidate state court actions in the narrow area of child custody proceedings involving Indian children.

ORDER GRANTING MOTION
TO REMAND, *INTER ALIA*-    5